Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr., #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBIN LANGLEY,** | Case No. **2:10-cv-03060-MCE-KJN** |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** |
| vs. | |
| **SENTRY CREDIT, INC.,** | |
| Defendant. | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

First Amended Complaint - 1

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3. Plaintiff, Robin Langley ("Plaintiff"), is a natural person residing in Sacramento county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, Sentry Credit, Inc. ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. Defendant has called Plaintiff, at home and at work, up to five times a day, every day.

7.   Defendant has repeatedly failed to identify their corporate name or the name of the caller when placing calls to Plaintiff.

8.   Defendant has repeatedly failed to identify the reason for their calls to Plaintiff, or to identify themselves as a debt collector calling in an attempt to collect an alleged debt from Plaintiff.

9.   Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

    a) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, including, but not limited to, repeatedly calling Plaintiff at work (§1692c(a)(1));

    b) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff, including, but not limited to, calling Plaintiff up to five times a day, every day (§1692d(5));

    c) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff, including, but not limited to, calling Plaintiff up to five times a day, every day (Cal Civ Code §1788.11(d));

    d) Failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff, including, but not limited to, repeatedly calling Plaintiff and failing to identify Defendant's name (§1692d(6));

    e) Placing (a) telephone call(s) to Plaintiff without disclosure of the caller's true identity or a registered alias name along with the name of the agency authorizing the call (Cal Civ Code §1788.11(b)); and

  f) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances, including, but not limited to, calling Plaintiff up to five times a day, every day (Cal Civ Code §1788.11(e)).

10. As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

11. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

  A. Declaratory judgment that Defendant's conduct violated the FDCPA;

  B. Actual damages;

  C. Statutory damages;

  D. Costs and reasonable attorney's fees; and,

  E. For such other and further relief as may be just and proper.

# COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

12. Plaintiff reincorporates by reference all of the preceding paragraphs.

13. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the RFDCPA;

B. Actual damages;

C. Statutory damages for willful and negligent violations;

D. Costs and reasonable attorney's fees,

E. For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 29th day of December, 2010.

By: **s/Todd M. Friedman**
**Todd M. Friedman (216752)**
**Law Offices of Todd M. Friedman, P.C.**
**369 S. Doheny Dr., #415**
**Beverly Hills, CA 90211**
**Phone: 877-206-4741**
**Fax: 866-633-0228**
**tfriedman@attorneysforconsumers.com**
**Attorney for Plaintiff**