UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBIN LANGLEY,                          No. 2:10-cv-03060-MCE-KJN

          Plaintiff,

     v.                                 <u>ORDER</u>

SENTRY CREDIT, INC.,

          Defendant.

                    ----oo0oo----

     This action proceeds against Defendant Sentry Credit, Inc. ("Defendant"), on Plaintiff Robert Langley's ("Plaintiff") First Amended Complaint, which alleges violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u>, and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, <u>et seq.</u>  Presently before the Court is Plaintiff's Motion for Leave to Amend Complaint (ECF No. 18).[1]  For the following reasons, Plaintiff's Motion is GRANTED.

---

     [1]  Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefing.  E.D. Cal. Local Rule 230(g).

1

**BACKGROUND**

Plaintiff originally initiated this action as an unfair debt collection practices case that was based on Defendant's purportedly harassing telephone calls to Plaintiff.  On July 28, 2011, this Court issued a Pretrial Scheduling Order ("PTSO") setting July 6, 2012, as the deadline for completion of non-expert discovery, September 6, 2012, as the deadline for expert disclosure, December 6, 2012, as Defendant's dispositive motion filing cut-off, and May 6, 2013, as the date for trial.  In the PTSO, the Court also specified that "[n]o joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown."  PTSO, 1:24-25.

Plaintiff subsequently served Defendant with discovery requests, including a request for the production of any recordings of Defendant's phone calls to Plaintiff.  Defendant served its responses to those requests on October 26, 2011. Plaintiff thereafter served follow-up requests for production to Defendant to learn whether Defendant had employed any pre-recorded messages informing Plaintiff the calls to her might be recorded.  On approximately December 22, 2011, Plaintiff received Defendant's subsequent responses, which confirmed that Defendant had failed to warn Plaintiff her telephone calls were being recorded or to obtain her consent to do so.

///
///
///
///

1   At that point, Plaintiff sought and retained experienced

2   class counsel who associated in the matter on January 20, 2012.

3   Shortly thereafter, on January 31, 2012, Plaintiff filed her

4   instant Motion for Leave to File a Second Amended Complaint, by

5   which she seeks to add four class-based causes of action arising

6   out of Defendant's allegedly illegal recording of class members'

7   confidential telephone conversations without their consent.  Two

8   of Plaintiff's proposed causes of action are alleged on behalf of

9   a California class pursuant to California Penal Code § 632, which

10   prohibits the recording of confidential telephone calls without

11   all parties' consent, and the right to privacy included in

12   California Constitution, Article I, Section I.  One of her other

13   proposed claims is alleged, as an alternative to the California

14   class claims, on behalf of a nationwide class under Washington

15   Revised Code § 9.73.060, and the final proposed cause of action

16   is alleged on behalf of both classes under a negligence per se

17   theory.  Plaintiff's Motion is now GRANTED, and she will be

18   permitted leave to add these class claims.

19

20                               **STANDARD**

21

22   Typically, leave to amend should be "freely give[n]...when

23   justice so requires."  Fed. R. Civ. Pro. 15(a)(2).  Once a

24   district court has filed a pretrial scheduling order pursuant to

25   Rule 16, as this Court did here on July 28, 2011, however, the

26   standards set forth by Rule 16 control.  Johnson v. Mammoth

27   Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992); see also

28   PTSO, 1:24-25.

                                    3

1    "Unlike Rule 15(a)'s liberal amendment policy which focuses

2  on the bad faith of the party seeking to interpose an amendment

3  and the prejudice to the opposing party, Rule 16(b)'s 'good

4  cause' standard primarily considers the diligence of the party

5  seeking the amendment." <u>Johnson</u>, 975 F.2d at 609.  In explaining

6  this standard, the Ninth Circuit has stated that:

7        [a] district court may modify the pretrial schedule 'if
         it cannot reasonably be met despite the diligence of
8        the party seeking the extension.'  Moreover,
         carelessness is not compatible with a finding of
9        diligence and offers no reason for granting of relief.
         Although the existence or degree of prejudice to the
10       party opposing the modification might supply additional
         reasons to deny a motion, the focus of the inquiry is
11       upon the moving party's reasons for seeking
         modification.  If that party was not diligent, the
12       inquiry should end.

13 <u>Id.</u> (citations omitted).  To demonstrate diligence under Rule

14 16's "good cause" standard, courts have required movants to show

15 that: 1) they were diligent in assisting the Court in creating a

16 workable Rule 16 order; 2) despite their diligent efforts to

17 comply, their noncompliance with a Rule 16 deadline occurred

18 because of the development of matters that could not have been

19 reasonably foreseen or anticipated; and 3) they were diligent in

20 seeking amendment of the Rule 16 order, once it became apparent

21 that they could not comply with the order.  <u>Jackson v. Laureate,</u>

22 <u>Inc.</u>, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (internal citations

23 omitted).

24 ///

25 ///

26 ///

27 ///

28 ///

**ANALYSIS**

According to Plaintiff, good cause exists to justify further amendment of her First Amended Complaint here because she did not know and could not have known prior to conducting discovery that her calls with Defendant were recorded.  Plaintiff thus contends that in prosecuting her originally filed action, she diligently pursued discovery, which, on December 19, 2011, resulted in confirmation that Defendant had, without notice to her and without her consent, recorded her phone calls.  Plaintiff thereafter promptly hired class counsel and filed her instant Motion.  Plaintiff further argues that she is already preparing class-based discovery and that she intends to file her motion for class certification prior to May 23, 2012.  Plaintiff thus avers that amendment of her FAC will not require modification of the deadlines set by the Court in the PTSO.

Defendant disagrees, of course, arguing Plaintiff has been dilatory in seeking amendment and that any amendment will be futile.  More specifically, Defendant believes Plaintiff unjustifiably delayed bringing her instant Motion because she waited three months after receiving the recordings from Defendant and one year after filing this action to seek leave to amend. In addition, Defendant argues amendment will be futile in any event because this case is substantially similar to another pending class action filed in the Southern District of California, <u>Allen v. Sentry Credit, Inc.</u>, 3:11-cv-02317-IEG-BLM.

///

///

1   The _Allen_ case also asserts violations of California Penal Code
2   section 632 and California Constitution, Article I, Section 1, as
3   well as a negligence cause of action.  Finally, according to
4   Defendant, it will be prejudiced if Plaintiff is permitted to
5   amend because it will be required to file a Motion to Strike or a
6   Motion to Dismiss Plaintiff's class claims as duplicative of
7   those raised in _Allen_.  Defendant will also purportedly be forced
8   to engage in extensive additional discovery and dispositive
9   motion preparation, which would consequently require Defendant to
10  later seek to modify the PTSO.

11      Plaintiff's arguments are well-taken.  The record before the
12  Court indicates that Plaintiff timely pursued discovery related
13  to her existing fair debt collection claims and promptly sought
14  leave to add her class claims only one month after she had
15  obtained Defendant's responses indicating those causes of action
16  might be viable.  Moreover, even if the Court were to accept
17  Defendant's argument that Plaintiff should have sought amendment
18  upon receipt of the recordings themselves, rather than upon
19  receipt of Defendant's responses indicating it did not utilize
20  pre-recorded messages, the Court would still find the interests
21  of justice served by permitting amendment are outweighed by the
22  marginal delay between Defendant's October production of that
23  evidence and Plaintiff's filing of her current Motion in January,
24  particularly in light of Plaintiff's interim need to locate and
25  retain class counsel.  In any event, the Court finds no fault
26  with Plaintiff's decision to expeditiously pursue confirmation as
27  to the legitimacy of her class claims prior to calling upon the
28  resources of this Court in seeking leave to amend.

1  Accordingly, especially given the fact that dispositive motions
2  are not set to be heard until the end of this year and trial is
3  not set to begin until next year, the Court finds Plaintiff was
4  diligent in seeking leave to amend here.

5      The Court likewise rejects Defendant's contention that
6  Plaintiff's Motion should be denied because her class claims are
7  duplicative of those pending in the <u>Allen</u> case.  First, this
8  argument is really a substantive challenge to the proposed
9  amended pleading that, while potentially appropriate in response
10 to the Second Amended Complaint, once filed, is not proper in the
11 context of whether Plaintiff should, as an initial matter, be
12 permitted leave to amend.  In addition, Plaintiff has advised the
13 Court no class has been certified in that litigation.
14 Accordingly, while the <u>Allen</u> plaintiff may be pursuing putative
15 class claims, it is entirely speculative to presume those claims
16 will ever actually be litigated on behalf of the named class.
17 Moreover, Defendant's "substantial similarity" argument is based
18 on Plaintiff's California-based claims, but wholly ignores the
19 fact that Plaintiff in this case seeks to add additional class
20 claims, one of which arises under Washington law, on behalf of a
21 nationwide class as well.  Accordingly, this Court declines to
22 find at this preliminary juncture that any amendment would be so
23 futile as to justify denying Plaintiff's Motion.

24     Finally, Defendant's theory that it will be prejudiced by
25 amendment is likewise rejected.  There is still ample time prior
26 to the dispositive motion deadline and the current trial date in
27 which the parties can litigate this case.
28 ///

1   Discovery does not close for several months, and there is no

2   indication at this time that any dates in the PTSO will at any

3   point need to be modified.  In addition, Defendant's attempt to

4   characterize the potential for additional motion practice or

5   discovery as "prejudicial" fails as well because Defendant has

6   not described anything beyond what is part and parcel of any

7   litigation.  Accordingly, no persuasive arguments to the

8   contrary, Plaintiff's Motion is now GRANTED.

9

10                          **CONCLUSION**

11

12        For the reasons just stated, Plaintiff's Motion for Leave to

13   Amend the Complaint (ECF No. 18) is GRANTED.  Plaintiff is

14   directed to file her amended complaint not later than five (5)

15   days following the date this Memorandum and Order is

16   electronically filed.

17        IT IS SO ORDERED.

18    Dated: April 20, 2012

19

20

21                          MORRISON C. ENGLAND, JR.
                            UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28

                              8