Todd M. Friedman (SBN 216752)
Darin Shaw (SBN 251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr., #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com

STRANGE & CARPENTER
BRIAN R. STRANGE (SBN 103252)
GRETCHEN CARPENTER (SBN 180525)
JOHN P. KRISTENSEN (SBN 224132)
12100 Wilshire Blvd., Suite 1900
Los Angeles, CA 90025
Tele: (310) 207-5055; Fax: (310) 826-3210
lacounsel@earthlink.net
gcarpenter@strangeandcarpenter.com
jkristensen@strangeandcarpenter.com

*Attorneys for Plaintiff and all others similarly situated*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ROBIN LANGLEY,** individually and on behalf of all others similarly situated, | Case No. **2:10-cv-03060-MCE-KJN** |
| Plaintiff, | **CLASS ACTION** |
| vs. | **SECOND AMENDED COMPLAINT FOR VIOLATIONS OF:** |
| **SENTRY CREDIT, INC.,** | **(1)  California Penal Code § 632 [Class Claim]** |
| Defendant. | **(2)  Right to Privacy, Ca. Const. Art. I, § I [Class Claim]** |
| | **(3)  Washington Privacy Act, Wa. Rev. Code § 9.73.060 [Class Claim]** |
| | **(4)  Negligence Per Se** |
| | **(5)  Federal Fair Debt Collection Practices Act [Individual Claim]** |
| | **(6)  Rosenthal Fair Debt Collection Practices Act [Individual Claim]** |
| | **DEMAND FOR JURY TRIAL** |

**SECOND AMENDED COMPLAINT**
-1-

Plaintiff Robin Langley ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. This is a class action brought on behalf of all individuals in California (or alternatively, the United States) whose telephone conversations with Defendant Sentry Credit, Inc. ("Defendant" or "Sentry") were recorded by Sentry without their knowledge or consent. This Complaint also contains two causes of action for damages brought by Plaintiff as an individual for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code § 1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION

2. This Court has diversity jurisdiction over this class action pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, because the matter in controversy exceeds $5,000,000, exclusive of interests and costs, and is a class action in which members of the class are citizens of different states than Defendant. *See* 28 U.S.C. § 1332(d)(2)(A). Additionally, Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## PARTIES

3. Plaintiff, Robin Langley ("Plaintiff"), is a natural person residing in Sacramento County in the State of California, and is both a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

4. At all relevant times herein, Defendant was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff and others, which qualifies as a "debt," as defined by 15 U.S.C. § 1692a(5), and a "consumer debt," as defined by Cal. Civ. Code § 1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and RFDCPA, Cal. Civ. Code § 1788.2(c).

///

# FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant Complaint, including within the one year preceding the filing of the initial Complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. Defendant has called Plaintiff, at home and at work, up to five times a day, every day.

7. Defendant has repeatedly failed to identify its corporate name or the name of the caller when placing calls to Plaintiff.

8. Defendant has repeatedly failed to identify the reason for its calls to Plaintiff, or to identify itself as a debt collector calling in an attempt to collect an alleged debt from Plaintiff.

9. Defendant recorded the calls without receiving consent from Plaintiff. It is Sentry's pattern and practice to record outgoing calls, which are about individuals' finances and debt, made to California and throughout the United States without informing the individuals that the confidential communications are being recorded. Plaintiff was unaware that the phone calls Sentry made to her in California, allegedly to collect a debt, were recorded. There was no pre-call recorded message. The Sentry representatives never informed Plaintiff that the calls were being recorded.

# CLASS ALLEGATIONS

10. Plaintiff brings this action pursuant to Rule 23(a) and 23(b)(1)-(3) of the Federal Rules of Civil Procedure on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter the "California Class") defined as follows:

> All persons in California whose telephone conversations with Sentry were recorded by Sentry without their consent to the recording of their conversations.

Specifically excluded from the proposed California Class are Defendant; any entities in which Defendant has a controlling interest; and the employees, officers, directors, affiliates, legal representatives, subsidiaries, and affiliates of Defendant. The California Class' claims are based on Cal. Penal Code. § 632, *et seq.* and violations of the California Class members' right

to privacy under the California Constitution, Article I, § 1.

Alternatively, Plaintiff seeks a class (hereinafter the "Nationwide Class") defined as follows:

> All persons in the United States of America whose telephone conversations with Sentry were recorded by Sentry without their consent to the recording of their conversations.

Specifically excluded from the proposed Nationwide Class are Defendant; any entities in which Defendant has a controlling interest; and the employees, officers, directors, affiliates, legal representatives, subsidiaries, and affiliates of Defendant.  The alternative Nationwide Class' claims are based on the Washington Privacy Act, Wa. Rev. Code § 9.73.060.

11. This action is brought and may be properly maintained as a class action.  This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements for a class action.

12 Both the California Class and the Nationwide Class are so numerous that the individual joinder of all of their members is impractical.  While the exact number and identities of the California Class and the Nationwide Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the California Class and the Nationwide Class members each include thousands of members.  Plaintiff alleges that the California Class and the Nationwide Class members may be ascertained by the records maintained by Defendant.

13. Common questions of fact and law exist as to all members of the California Class and the Nationwide Class which predominate over any questions affecting only individual members of the California Class and the Nationwide Class.  These common legal and factual questions, which do not vary between California Class and Nationwide Class members, and which may be determined without reference to the individual circumstances of any California Class and Nationwide Class members, include, but are not limited to, the following:

   a. Whether Defendant intentionally recorded telephone conversations between its representatives and California Class and the Nationwide Class members;

**SECOND AMENDED COMPLAINT**
**-4-**

b.    Whether Defendant obtained consent from all parties to record telephone conversations between its representatives and California Class and Nationwide Class members;

c.    Whether the telephone conversations between Defendant's representatives and California Class members and Nationwide Class members were confidential communications;

d.    Whether Defendant's conduct described herein violated California's Invasion of Privacy Laws and Constitutional Right to Privacy;

e.    Whether Defendant's conduct described herein violated Washington's Privacy Act;

f.    Whether Defendant's conduct described herein was negligent; and

g.    The nature and extent of damages and other remedies to which the conduct of Defendant entitles the California Class and the Nationwide Class members.

14.    Plaintiff's claims are typical of the claims of members of the California Class and the Nationwide Class. Plaintiff and all members of the California Class and the Nationwide Class have sustained injury and are facing irreparable harm arising out of Defendant's same common course of conduct as complained of herein.

15.    Plaintiff will fairly and adequately protect the interests of the members of the California Class and the Nationwide Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

16.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all California Class and Nationwide Class members is impracticable. Even if every California Class and Nationwide Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties,

1  conserves the resources of the parties and of the court system, and protects the rights of each
2  California Class and the Nationwide Class member.
3      17.   The prosecution of separate actions by thousands of individual California Class
4  and Nationwide Class members would also create the risk of inconsistent or varying
5  adjudications with respect to, among other things, the need for and the nature of proper notice
6  which Defendant must provide to all California Class and Nationwide Class members prior to
7  recording telephone calls.
8      18.   The prosecution of separate actions by individual California Class and
9  Nationwide Class members would create a risk of adjudications with respect to them that
10 would, as a practical matter, be dispositive of the interests of the other California Class and the
11 Nationwide Class members not parties to such adjudications or that would substantially impair
12 or impede the ability of such non-party California Class and Nationwide Class members to
13 protect their interests.
14      19.   Defendant has acted or refused to act in respects generally applicable to the
15 California Class and Nationwide Class, thereby making appropriate final and injunctive relief
16 with regard to the members of the California Class and Nationwide Class as a whole, pursuant
17 to Federal Rules of Civil Procedure, Rule 23(b)(2).

## FIRST CAUSE OF ACTION

## VIOLATION OF CALIFORNIA'S INVASION OF PRIVACY LAWS, CALIFORNIA PENAL CODE § 632

(By Plaintiff and the California Class Against Defendant)

22      20.   Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.
23      21.   California Penal Code § 632 prohibits the intentional eavesdropping or
24 recording by means of an electronic amplifying or recording device, of confidential telephonic
25 communications without the consent of all parties to the communication.
26      22.   Plaintiff is informed and believes and thereon alleges that Defendant violated
27 and continues to violate California Penal Code § 632 by recording confidential telephonic
28 communications between its representatives and California Class members without obtaining

**SECOND AMENDED COMPLAINT**
**-6-**

1  their consent.

2       23.    Pursuant to California Penal Code § 632, the telephonic conversations between
3  Defendant's representatives and California Class members are "confidential" because they are
4  carried on in circumstances as may reasonably indicate that any party to the communication
5  desires it to be confided to the parties thereto.

6       24.    As a direct and proximate result of Defendant's violations of California Penal
7  Code § 632, Plaintiff and the members of the California Class have suffered injury, and may
8  recover from Defendant five thousand dollars for each violation of California Penal Code § 632
9  pursuant to California Penal Code § 637.2(a).

10      29.    The violations of California Penal Code § 632 described herein present a
11 continuing threat to members of the California Class and members of the general public in that
12 Plaintiff is informed and believes and thereon alleges that Defendant continues to engage in
13 these practices, and will not cease doing so unless and until forced to do so by this Court.
14 Plaintiff is informed and believes and thereon alleges that Defendant's conduct will continue to
15 cause irreparable injury to the California Class unless enjoined or restrained pursuant to Penal
16 Code § 637.2(a).

## SECOND CAUSE OF ACTION

## VIOLATION OF CALIFORNIA'S CONSTITONAL RIGHT TO PRIVACY

(By Plaintiff and the California Class Against Defendant)

20      30.    Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

21      31.    California Constitution, Article I, § I provides California residents with a right to
22 privacy that protects against not just government intrusion, but against individuals' and
23 corporations' intrusions into Plaintiff's and California Class members' privacy.

24      32.    Sentry violated Plaintiff's and the California Class members' rights to privacy
25 by surreptitiously recording phone calls of Plaintiff and California Class members while
26 attempting to collect debts.  Plaintiff and California Class members had a reasonable
27 expectation that the phone calls were not being recorded, especially since Sentry never
28 informed Plaintiff or California Class members that their telephone calls were being recorded.

**SECOND AMENDED COMPLAINT**

Furthermore, Plaintiff and California Class members never provided Sentry with consent to record the telephone calls. This invasion of privacy is serious, and it caused Plaintiff and California Class members to suffer injuries.

33. The violations of Plaintiff's and California Class members' constitutional rights to privacy described herein present a continuing threat to members of the California Class and members of the general public in that Plaintiff is informed and believes and thereon alleges that Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Plaintiff is informed and believes and thereon alleges that Defendant's conduct will continue to cause irreparable injury to the California Class unless enjoined or restrained.

## THIRD CAUSE OF ACTION

## VIOLATION OF WASHINGTON'S PRIVACY ACT,

## WASHINGTON REVISED CODE § 9.73.060

(By Plaintiff and the Nationwide Class Against Defendant)

34. Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

35. Sentry is based in Washington State. This cause of action is being brought in the alternative to the California Class claims asserted above, should the Court make a choice of law decision that Washington law, as opposed to California law, applies to this dispute.

36. Washington Revised Code § 9.73.060 prohibits the intentional eavesdropping or recording, by means of an electronic amplifying or recording device, of confidential telephonic communications without the consent of all parties to the communication.

37. Plaintiff is informed and believes and thereon alleges that Defendant violated and continues to violate Washington Revised Code § 9.73.060 by recording confidential telephonic communications between its representatives and Nationwide Class members without obtaining their consent.

38. Pursuant to Washington Revised Code § 9.73.060, the telephonic conversations between Defendant's representatives and Nationwide Class members are "confidential" because they are carried on in circumstances as may reasonably indicate that any party to the

1   communication desires it to be confided to the parties thereto.

2        39.    As a direct and proximate result of Defendant's violations of Washington Revised Code § 9.73.060, Plaintiff and the members of the Nationwide Class have suffered injury, and may recover from Defendant liquidated damages of one hundred dollars ($100.00) for each violation of Washington Revised Code § 9.73.060.

6        40.    The violations of the Washington Privacy Act described herein present a continuing threat to members of the Nationwide Class and members of the general public in that Plaintiff is informed and believes and thereon alleges that Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Plaintiff is informed and believes and thereon alleges that Defendant's conduct will continue to cause irreparable injury to the Nationwide Class unless enjoined or restrained.

## FOURTH CAUSE OF ACTION

## NEGLIGENCE PER SE

(By Plaintiff and the Nationwide and California Classes Against Defendant)

15        41.    Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

16        42.    Defendant violated applicable statutory law, including but not limited to California Penal Code § 632, which precludes the recording of telephone calls without all parties' consent to and knowledge of the recording.

19        43.    The foregoing statute(s) were designed to protect the class of persons which includes Plaintiff, and in fact the California Class and Nationwide Class. It was for Plaintiff and the California Class and the Nationwide Class members' protection that said statute was adopted, and the statute was designed to protect against the very kind of conduct perpetrated by Defendant as against Plaintiff and the California Class. Furthermore, the resulting harm suffered by Plaintiff and the California Class herein was caused by violation of the aforementioned statute.

26        44.    Thus, in acting and in failing to act as aforementioned, in violation of the aforementioned statute, Defendant was negligent per se.

28        45.    As a direct and proximate result of Defendant's violations of California Penal

Code § 632, Plaintiff and the members of the California Class have suffered injury, and may recover from Defendant five thousand dollars ($5,000.00) for each violation of California Penal Code § 632 pursuant to California Penal Code § 637.2(a).

46. As a direct and proximate result of Defendant's violations of Washington Revised Code § 9.73.060, Plaintiff and the members of the Nationwide Class have suffered injury, and may recover from Defendant one hundred dollars ($100.00) for each violation under the Washington Privacy Act.

## FIFTH CAUSE OF ACTION

## VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

(By Plaintiff, <u>Individually</u>, Against Defendant)

47. Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

48. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, including, but not limited to, repeatedly calling Plaintiff at work (§ 1692c(a)(1));

   b) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff, including, but not limited to, calling Plaintiff up to five times a day, every day (§ 1692d(5));

   c) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff, including, but not limited to, calling Plaintiff up to five times a day, every day (Cal. Civ. Code § 1788.11(d));

   d) Failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff, including, but not limited to, repeatedly calling Plaintiff and failing to identify Defendant's name (§ 1692d(6));

      e) Placing (a) telephone call(s) to Plaintiff without disclosure of the caller's true identity or a registered alias name along with the name of the agency authorizing the call (Cal. Civ. Code § 1788.11(b)); and

      f) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances, including, but not limited to, calling Plaintiff up to five times a day, every day (Cal. Civ. Code § 1788.11(e)).

49. As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

(By Plaintiff, <u>Individually</u>, Against Defendant)

50. Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

51. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

      a) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, including, but not limited to, repeatedly calling Plaintiff at work (§ 1692c(a)(1));

      b) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff, including, but not limited to, calling Plaintiff up to five times a day, every day (§ 1692d(5));

      c) Causing a telephone to ring repeatedly or continuously to annoy

    Plaintiff, including, but not limited to, calling Plaintiff up to five times a day, every day (Cal. Civ. Code § 1788.11(d));

  d) Failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff, including, but not limited to, repeatedly calling Plaintiff and failing to identify Defendant's name (§ 1692d(6));

  e) Placing (a) telephone call(s) to Plaintiff without disclosure of the caller's true identity or a registered alias name along with the name of the agency authorizing the call (Cal. Civ. Code § 1788.11(b)); and

  f) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances, including, but not limited to, calling Plaintiff up to five times a day, every day (Cal. Civ. Code § 1788.11(e)).

52. As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, individually and on behalf of all others similarly situated, Plaintiff prays for the following relief:

**Class Claims**

1. An order certifying this action as a class action and appointing Plaintiff and her counsel to represent the Class;

2. Compensatory damages where compensatory damages are available;

3. Statutory damages of five thousand dollars per incident of violation of California Penal Code § 632 for the California Class, or alternatively, statutory

        damages of one hundred dollars per incident of violation of Washington Revised Code § 9.73.060;

4. Prejudgment and post-judgment interest;

5. Preliminary and permanent injunctive relief prohibiting Defendant from continuing the illegal acts alleged herein;

6. Reasonable costs and attorneys' fees as permitted by law; and

7. Such other and further relief as may be just and proper.

**Individual Claims**

8. Declaratory judgment that Defendant's conduct violated the FDCPA;

9. Actual damages;

10. Statutory damages;

11. Costs and reasonable attorney's fees; and,

12. Such other and further relief as may be just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of each and every claim so triable.

Dated: April 26, 2012                    **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

                                                            /s/
                                         Todd M. Friedman
                                         Darin Shaw
                                         Attorneys for Plaintiff Robin Langley

Dated: April 26, 2012                    **STRANGE & CARPENTER**

                                                            /s/
                                         Brian R. Strange
                                         Gretchen A. Carpenter
                                         John P. Kristensen
                                         Attorneys for Plaintiff Robin Langley

Filed electronically on this 26th day of April, 2012, with:

United States District Court CM/ECF system

Notification sent electronically on this 26th day of April, 2012, to:

Honorable Morrison C. England
United States District Court
Eastern District of California

Lindsay O'Hair
Stephen Turner
LEWIS BRISBOIS BISGAARD & SMITH LLP
Attorneys for Defendant

s/Todd Friedman
   Todd Friedman

**SECOND AMENDED COMPLAINT**
**-14-**